UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WENDELL TYRONE SMITH (#568450)**     **CIVIL ACTION**

**VERSUS**

**NATHAN CAIN, ET AL.**     **NO. 16-35-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 21, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WENDELL TYRONE SMITH (#568450)                    CIVIL ACTION

VERSUS

NATHAN CAIN, ET AL.                                NO. 16-35-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner, Wendell Smith, challenges his conviction, entered in 2010 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of manslaughter and one count of illegal use of a weapon.  The petitioner contends that his guilty plea was not knowingly and intelligently entered in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969) because the trial judge did not specifically inform him of his privilege against self-incrimination during the colloquy.

**Factual Background**

The facts, as summarized in the decision of the Louisiana First Circuit Court of Appeal are as follows:  On April 19, 2008, the petitioner went to an apartment located on Jade Avenue in Baton Rouge that was the home of Jasmin Ennis, the mother of the petitioner's brother's child. When the petitioner arrived, he began to "have words" with Jasmin and threatened to slap her. During the confrontation, the petitioner had a firearm in his pocket that he did not attempt to conceal.  The victim, Phillip Robinson, and his friend, Quinton Johnson, were also present at the apartment.  When Johnson noticed the petitioner approaching and that he was armed, Johnson motioned to the victim that they should leave the scene.  As the victim walked away, defendant

shot him in the back eleven times.  It was undisputed that the victim was mortally wounded.  *See State v. Smith*, 14-0578 (La. App. 1 Cir. 11/7/14), 167 So.3d 736.

## Procedural History

On March 16, 2010, the petitioner plead guilty to one count of manslaughter and one count of illegal use of a weapon, and was subsequently sentenced to 50 years at hard labor, with ten years to be served without benefit of probation, parole, or suspension of sentence.  The petitioner thereafter filed a counseled appeal.  On November 7, 2014, the petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit.  *See State v. Smith*, 14-0578 (La. App. 1 Cir. 11/7/14), 167 So.3d 736.  The petitioner's application for supervisory review in the Louisiana Supreme Court was denied on October 2, 2015.  *See State v. Smith*, 14-2566 (La. 10/2/15), 178 So.3d 987.  On or about January 20, 2016, the petitioner filed the instant application for habeas corpus relief in this Court.

## Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d).  Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id*. *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Substantive Review

The petitioner contends that his guilty plea was not knowingly and intelligently entered in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969) because the trial judge did not specifically inform him of his privilege against self-incrimination during the colloquy. A review of the record reveals that the trial judge did not specifically inform the petitioner that, by pleading guilty, he was forfeiting his privilege against self-incrimination.

*Boykin* requires that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea voluntarily, meaning that the plea was made knowingly and intelligently. Although, by pleading guilty, a defendant waives the right to a jury trial, the privilege against self-incrimination, and the right of confrontation, the Constitution does not require express articulation and specific waiver of these rights before a guilty plea may be accepted. *See McChesney v. Henderson,* 482 F.2d 1101, 1111 (5th Cir. 1973); *Brown v. Jernigan,* 622 F.2d

914, 915 (5th Cir. 1980); *Barksdale v. Blackburn,* 670 F.2d 22, 25 (5th Cir. 1982), and *Wolfe v. Puckett*, 998 F.2d 1014 (5th Cir. 1993).

The record in the instant matter confirms the state court's conclusion that the petitioner's plea was entered intelligently and voluntarily. In response to questions by the trial judge, the petitioner stated that he understood that he was giving up his right to trial, understood the charges to which he was pleading, was aware of the sentence that would be imposed, was not taking any kind of medication and was not under the influence of any mind altering substances, had not been forced or frightened into pleading guilty, and was voluntarily pleading guilty. Accordingly, the petitioner's claim is without merit.

### Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the instant case, the

Court finds that reasonable jurists would not debate the denial of petitioner's application or the correctness of the substantive ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed. It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 21, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**